**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Caressa Norris, Shayne Duckworth, and Jason
Underwood, Defendants,

Of whom Shayne Duckworth is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2022-000313

———————

Appeal From Laurens County
Matthew P. Turner, Family Court Judge

———————

Unpublished Opinion No. 2023-UP-190
Submitted April 25, 2023 – Filed May 15, 2023

———————

**AFFIRMED**

———————

Melinda Inman Butler, of The Butler Law Firm, of
Union, for Appellant.

Andrew Troy Potter, of Anderson; Ashley P. Case, of
Fountain Inn; and Rosemerry Felder-Commander, of

South Carolina Department of Social Services, of
Laurens, all for Respondent.

Marcus Wesley Meetze, of Law Office of Marcus W.
Meetze, of Simpsonville, for the Guardian ad Litem.

---

**PER CURIAM:** Shayne Duckworth (Father) appeals a family court order terminating his parental rights to his minor child (Child). Father argues the family court erred by finding (1) he failed to remedy the conditions that caused Child's removal; (2) he willfully failed to support Child; (3) Child had been in foster care for fifteen of the previous twenty-two months; and (4) termination of parental rights (TPR) was in Child's best interest. We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011). Although this court reviews the family court's findings de novo, it is not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 652 (2011). The family court may order TPR upon finding a statutory ground for TPR is met and TPR is in the child's best interest. S.C. Code Ann. § 63-7-2570 (Supp. 2022). The grounds for TPR must be proved by clear and convincing evidence. *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).

The family court did not err in finding Father willfully failed to support Child. *See* § 63-7-2570(4) (providing a statutory ground for TPR is met when a "child has lived outside the home of either parent for a period of six months, and during that time the parent has wil[l]fully failed to support the child"); *id.* (explaining that "[f]ailure to support means that the parent has failed to make a material contribution to the child's care"). Father admitted he had not provided monetary support for Child, and the Department of Social Services (DSS) case worker testified Father did not provide any items for Child's care from February 18, 2020, until October of 2020. Although Father testified he provided items of support whenever he visited Child, the family court found Father's testimony was not credible, and the case worker supported her assertion with a visitation and support log detailing each time Parents brought items for Child. Further, we find Father's failure to support Child was willful. *See id.* ("The court may consider all relevant circumstances in determining whether or not the parent has wil[l]fully failed to support the child, including . . . the ability of the parent to provide support.").

Father's employer testified Father began working for him in January of 2020 and received $300 weekly in addition to paid housing, utilities, a work truck, and car insurance. Because Father was employed during a time period in which he provided no support for Child—February 18, 2020 to October of 2020—we find he was able to provide at least some support and willfully failed to do so. Thus, we find clear and convincing evidence supports at least one TPR ground.[1]

The family court properly found TPR was in Child's best interest. *See S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) ("In a [TPR] case, the best interests of the children are the paramount consideration."); *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013) ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate."); S.C. Code Ann. § 63-7-2620 (2010) ("The interests of the child shall prevail if the child's interest and the parental rights conflict."). The DSS case worker and the guardian ad litem (GAL) testified Child was thriving in his pre-adoptive foster home, was meeting developmental milestones, and was bonded to his foster parents. Additionally, the case worker observed Child and Father did not show a parental bond at visitations. The case worker and the GAL believed TPR was in Child's best interest. Thus, we hold TPR is in his best interest.

**AFFIRMED.**[2]

**WILLIAMS, C.J., and GEATHERS and VERDIN, JJ., concur.**

---

[1] Because we find clear and convincing evidence showed Father willfully failed to support Child, we decline to address the two remaining statutory grounds. *See S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (declining to address a statutory ground for TPR after concluding clear and convincing evidence supported another ground).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.